## LOWNDES v. FISHBURNE.

1. BAR.—An action discontinued by consent is not a bar to another
   action commenced after such discontinuance.
2. WAIVER.—Defense of partial failure of consideration of bond for pur-
   chase money of land in deficiency of acreage, is waived by consent
   withdrawal of foreclosure proceedings thereon and conveyance by de-
   fendant of land to trustee to be sold, if bond not paid by specified
   time, and proceeds to be applied to costs of sale, debt and balance
   to maker of bond.
3. JUDGMENT—DEFICIENCY.—In a proceeding to set aside a sale made
   by trustees under power in deed,. it would be improper to order
   ascertainment of deficiency without consent of parties, and on sale
   being set aside at instance of grantor and second sale ordered, not
   at risk of former purchaser, grantor cannot insist, in another action,
   that difference between the sales be made up by first purchaser.

Before Purdy, J., Charleston, September, 1903. Affirmed.

Action by Mary E. Lowndes against Julian Fishburne. The following is the report of Master Sass:

"This cause was referred to me by an order of this honorable Court, dated March 31st, 1897, to take testimony and hear and decide all issues of law and fact and report the same to this Court, with leave to report any special matter.

"I have held many references in the case, which were attended by counsel for both plaintiff and defendant, and have taken a great deal of testimony, which is annexed to this report. I have from time to time granted continuances as the same were asked for by counsel of both sides, but the case has been a continuing case from the time it was referred to me. The last testimony in the case was taken on the 30th January, 1902, and the case then stood for argument, but was postponed by counsel from time to time. A reference was held for argument on the 14th day of March inst. Shortly prior to that date I was notified that Mr. J. P. K. Bryan, of the firm of Bryan & Bryan, who was the attorney on the record representing the defendant, Julian Fishburne, and had continuously represented him in the case, had his name struck off the record as no longer representing the defendant, Julian Fishburne, and that the defendant appeared *in propria persona*. I, therefore, gave due notice to the defendant that reference for argument would be held on 14th day of March, 1903. At that reference counsel for the plaintiff appeared and submitted an argument upon the papers and testimony in behalf of the plaintiff, but no one appeared in behalf of the defendant, nor did defendant himself appear. The defendant having failed to appear, I duly served on him notice that argument had been heard on behalf of the plaintiff, and that unless he showed cause to the contrary on or before 12 o'clock noon, on Tuesday, 17th day of March, inst., I would proceed to file my report in the case. At the hour named he appeared before me and declined to

make any argument, but simply read and handed me a notice that he did not recognize my authority, as I was not a master for Charleston County. This notice I annex to this report.

"The facts of this case are as follows:

"On the 4th day of January, 1889, the defendant, Julian Fishburne, executed and delivered to the plaintiff a bond which is the cause of action in this cause. At the same time he executed and delivered three other bonds. These bonds were all given for the purchase money of a tract of land in Colleton County, and were all secured by a mortgage of the said tract of land from Julian Fishburne to H. A. M. Smith, trustee. The mortgagor, Julian Fishburne, having defaulted on his mortgage, a suit was instituted in July, 1889, in the Court of Common Pleas for Colleton County by H. A. M. Smith, as trustee, *v.* Julian Fishburne, for the foreclosure of the mortgage. The defendant, Julian Fishburne, appeared in that foreclosure case and on the 19th day of August, 1889, served an answer, in which among other defenses he set forth a failure of consideration by deficiency in acreage as to 77 acres of the land conveyed. The attorneys representing the defendant, Julian Fishburne, in that case were Messrs. Smythe & Lee. On November 6th, 1889, an agreement was entered into in that case, in which it was agreed that those proceedings for foreclosure were to be withdrawn, and that the defendant, Julian Fishburne, was to execute and deliver to Messrs. A. M. Lee and H. A. M. Smith, a deed of conveyance of the property in question; and if Mr. Fishburne did not settle all amounts then due for the property on the 17th February, 1890, Messrs. Lee and Smith were to sell the property and, after applying the proceeds to all costs and expenses, then to apply the balance to the payment of the mortgage debt. This agreement was acted upon and the property was conveyed by Julian Fishburne, the defendant, to Messrs. Lee and Smith. No immediate order was filed in the foreclosure case expressly discontinuing the same; but on the 24th day of September, 1890, a consent order made by Judge Aldrich, duly consented to by Messrs. Smythe &

Lee, the attorneys of Julian Fishburne, was filed, whereby this foreclosure proceeding was ordered discontinued *nunc pro tunc,* as of November term, 1889. Mr. Fishburne failed to settle the mortgage debt at the time prescribed, and thereupon the property was advertised for sale by Messrs. Lee and Smith, and at the sale knocked down to Henry D. Elliott. Thereupon the defendant, Julian Fishburne, instituted proceedings in the Court of Common Pleas for Colleton County against H. A. M. Smith, A. M. Lee and Henry D. Elliott, as defendants, to enjoin and restrain the conveyance of the property as sold at such sale to the said Henry D. Elliott. In this case a final judgment was made in August, 1890, restraining Messrs. Lee and Smith from making any conveyance to Henry D. Elliott, and directing the master of Colleton County to resell the property in the new case of Julian Fishburne *v.* Smith *et al.,* brought to procure such injunction and a resale by Messrs. Lee and Smith; but the Circuit Judge who made the judgment, saying that he understood the parties desired that any further sale should be made by the master, ordered the master in that case to make a new, sale of the property and to apply the proceeds, or so much as should be applicable thereto, to the amounts due upon the bonds secured by the mortgage. An appeal was taken from this judgment and was heard before the Supreme Court, and the judgment was by that Court affirmed—the decision of the Court being reported in 34 S. C., page 330.

"In the meantime, to wit: on the 15th day of January, 1891, the amended complaint in the present cause was filed in the Court of Common Pleas for Berkeley County upon the bond set out in the complaint.

"Under the judgment in the case of Colleton County of Julian Fishburne *v.* Smith *et al.,* the property was sold by the master of Colleton County on the 31st October, 1891, and the proceeds of sale were duly applied to the bonds, as directed by the judgment, but was insufficient to pay and discharge the bonds in full. No direction in the judgment in that case was given for entering a judgment against the

defendant, Julian Fishburne, for any deficiency, nor could any judgment for any such deficiency in that cause be entered, as that cause was not a proceeding for foreclosure, but a proceeding for an injunction, and the sale of the property therein was made by the assent of the parties thereto. The proceeds of the sale of the property being insufficient to pay and discharge the bonds, the only way in which any judgment for such deficiency could be rendered against the defendant, Julian Fishburne, was by action at law on the bond.

"In his answer in the present case, the defendant, Julian Fishburne, pleaded as matter of defense the pendency of the original proceedings for foreclosure by H. A. M. Smith, as trustee, v. Julian Fishburne, in Colleton County, which were agreed to be discontinued by the agreement referred to herein of November 6th, 1889. I hold this plea to be an insufficient defense, inasmuch as the foreclosure cause, even if pending, was not a case between the same parties, and for the same relief as the present action, but I further find that the cause had been finally discontinued at the date of the bringing of the present action of the bond.

"During the taking of the testimony before me, the counsel for the defendant, Julian Fishburne, moved to amend his answer by setting up as a plea want of consideration from deficiency in the lands sold. After hearing the argument, I refused to allow the amendment at that date, under the circumstances of this case, as all the issues had been made up, parties had gone to testimony, and further, because as a conclusion of law I am of the opinion that by the agreement of 6th November, 1889, the defendant, Julian Fishburne, in consideration of the further time procured by him for the payment of the bonds secured by the mortgage, agreed to give up, and did give up, any such claim for failure of consideration by reason of any deficiency, if any such existed.

"I find, therefore, the following conclusions of law and fact:

"I. Conclusions of fact:

"1. That at the time this action was instituted there was

pending in the Court of Common Pleas for Colleton County no proceedings for the foreclosure of the premises mortgaged to secure the bond sued on in this case.

"2. That there was due upon the bond sued on in this cause on 4th January, 1903, the sum of five thousand two hundred and fifteen 08-100 dollars, after crediting thereon the proceeds of the sale of the mortgaged real estate—a statement of the calculation of which is hereto annexed.

"II. Conclusion of law:

"That the order of Judge Aldrich in the foreclosure case in Colleton County discontinuing the same *nunc pro tunc,* as of November term, 1889, assented to by the attorneys of Fishburne, in that cause, is final and binding on him as to fact and date of such discontinuance.

"Therefore, I recommend, that the plaintiff have judgment against the defendant for the sum of five thousand two hundred and fifteen 08-100 dollars, with interest from the 4th day of January, 1903."

From Circuit order affirming report of master, defendant appeals.

*Mr. Jno. R. Bellinger,* for appellant, cites: *Plaintiff should have obtained judgment for deficiency in foreclosure proceedings, and that not being done, it is res judicata:* 68 S. C., 204; 15 S. C., 565; Bail. Eq., 284, *324; 17 S. C., 39; 19 S. C., 159; 22 S. C., 407; 23 S. C., 328.

*Messrs. Mitchell & Smith* and *Burke & Erckmann,* contra (no citations).

June 27, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought to recover a money judgment on defendant's bond given for the purchase of land and secured by a mortgage of the land. By consent, the cause was referred to the master, who reported

that since the commencement of this action, the mortgaged premises had been sold by order of the Court; and after crediting the portion of the proceeds of sale applicable to the bond held by the plaintiff, he found a deficiency of five thousand two hundred and fifteen 8-100 dollars. In the report are numerous other findings of fact involving the defenses set up by the defendant. This report was confirmed by the Circuit Court. Being a law case, these findings of fact are conclusive and not subject to review by this Court. *Blackwell* v. *McNinch,* 67 S. C., 544. Referring to the master's report for a statement of the facts, we proceed to the consideration of the questions of law raised by the exceptions.

The original action for foreclosure of Smith, trustee of the plaintiff and others interested in the mortgage, against Fishburne, in which judgment was demanded for any deficiency after sale of the mortgaged property, was, by consent of the defendant, discontinued as of November term, 1889, and hence cannot be regarded pending September 10, 1890, when this action was commenced, and was, therefore, no bar to this action.

In answering the original suit for foreclosure of the purchase money mortgage, the defendant, Fishburne, set up a deficiency of seventy-seven acres of land. All questions involved in that action must be regarded settled by the contract of November 6, 1889, by which, as the master finds, "it was agreed that those proceedings for foreclosure were to be withdrawn, and that the defendant, Julian Fishburne, was to execute and deliver to Messrs. A. M. Lee and H. A. M. Smith, a deed of conveyance of the property in question; and if Mr. Fishburne did not settle all amounts then due for the property on the 17th February, 1890, Messrs. Lee and Smith were to sell the property, and after applying the proceeds to all costs and expenses, then to apply the balance to the payment of the mortgage debt." Here was an express renewal of the promise to pay the entire mortgage debt, and an agreement that upon failure to pay in full by a fixed date, the land should be sold and the net pro-

ceeds applied to the payment. The alleged deficiency in acreage was thus distinctly waived. The record in this case does not contain a copy of the agreement between Fishburne and the trustees, but from *Fishburne* v. *Smith,* 34 S. C., 338, 13 S. E., 525, we quote the clause relating to the proceeds of the sale: "Proceeds to be applied to all costs and expenses provided for in this mortgage and of the sale, and then to the mortgage debt, and balance to Julian Fishburne." It is obvious that these words will not bear the interpretation that the sale of the property would operate as satisfaction, even if it produced less than the debt. The third, fifth and sixth exceptions, for these reasons, must be overruled.

The separate action of the defendant against Elliott, the purchaser, and Smith and Lee, trustees, was to set aside the sale made under the trust agreement and to have the land resold. It would not have been proper in that case, without the consent of the parties, to order ascertainment of the deficiency and judgment therefor against the maker of the bond. It is true, with the assent of the parties, the Court did order the resale to be made by the master instead of the trustees, and directed the ascertainment of the amount due on the bonds secured by the mortgage, to the end that the master might know how to distribute the fund arising from the sale; but there was no order for judgment for the mortgage debt or any deficiency, and no consent that there should be such a judgment. Even when an action is brought for the express purpose of a foreclosure and sale, if the complaint does not contemplate a judgment for the debt or the deficiency, a separate suit at law is proper and necessary to secure such a judgment. Jones on Mortgages, section 1228. The second exception cannot be sustained.

The defendant, after the sale made under the trust agreement, did not institute proceedings to charge the plaintiff and other mortgagees with the bid made and withdrawn by Elliott for $39,500, on the ground that Elliott was acting as agent for the mortgage creditors, but, on the contrary, sued to have the sale wholly set aside and a new sale made. The

Court granted him all the relief he asked. Having elected to take the chances of resale, without asking that it be made at the risk of those who participated in the first sale, it is too late now for the defendant, after disappointment with the result of the second sale, to seek benefit from the first sale, which was annulled at his instance. The seventh exception is overruled.

The fourth exception does not affect the merits of the case and, therefore, is not considered. The first exception was abandoned.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.